MAY TERM, 1881, No. 184.                    JUNE 26TH, 1881.

## Brock's Appeal.

A testatrix bequeathed thirty thousand dollars to her niece, and directed : "but if she dies without issue, the principal to go to her brothers, Henry and James, namely, the aforesaid investments of thirty thousand dollars in ground-rents, and bonds, and mortgage, the interest only for their uses; but to their children, lawful issue, absolutely. But if she marries without my consent, or after my death to any person whom I did not approve during my life, then this devise shall be null and void." The residue of her estate, real and personal, she devised and bequeathed to her niece, "subject to the same conditions as my legacy of thirty thousand dollars specified in a former part of this instrument ;" and, "if she dies unmarried, she has power to devise it to whichever of her brothers she will consider most worthy to inherit her bequest and mine, the interest only to them, to their children, lawful issue, absolutely." *Held*, that the language of the will showed with sufficient clearness that the interest of Henry was limited to a life-estate ; and, *Held* further, the residuary clause made a complete disposition of the real estate of the testatrix, so that the niece being beyond the possibility of having issue, and her brothers being dead, leaving children, the fee simple was vested in these children.

APPEAL of John P. Brock from the decree of the Orphans' Court of *Blair County.*

Sarah Lukens Keene, a resident of Philadelphia, died May 11th, 1866, having made her last will and testament dated November 18th, 1843. In her will she bequeathed to her niece, Ellen Keene, as follows:

"I also bequeath to this dear niece (the only surviving daughter of my brother, Jesse Lukens Keene, deceased)

whom I have educated, the sum of thirty thousand dollars, to be invested in ground-rents, or bonds and mortgages on real estate, the interest to be paid to her only, or her power of attorney, whether married or single, during her life, and after her death to her children, if any, absolutely; but if she dies without issue, the principal to go to her brothers, Henry and James, namely, the aforesaid investments of thirty thousand dollars in ground-rents, and bonds and mortgage, the interest only for their uses, but to their children, lawful issue, absolutely. But if she marries without my consent, or after my death to any person whom I did not approve during my life, then this devise shall be null and void, and she shall only receive ten thousand dollars, subject to the same investment of ground-rents, or bond and mortgage, the interest only to be paid to her alone, or her power of attorney, and after her death to her children absolutely. I have made this clause not from any fear of its *probable* necessity, but from prudence and precaution. If she dies without lawful issue, this sum to go to her brothers in the same manner as specified above in the larger sum."

The residuary clause was as follows:

" The residue of my estate, real and personal, I give and bequeath to my dear and affectionate niece, Ellen Keene, subject to the same conditions as my legacy of thirty thousand dollars specified in a former part of this instrument; the principal to be invested in ground-rents, or in the bank stock considered safe, but preferable in bond or mortgage on real estate, the interest to be enjoyed by her during her life, the principal to devolve to her children, lawful issue, absolutely; if she dies unmarried she has power to devise it to whichever of her brothers she will consider most worthy to inherit her bequest and mine, the interest only to them, to their children, lawful issue, absolutely."

The parties agreed as to the facts, and substituted this agreement for a finding by an auditor; and further agreed that either party might appeal from the final decision of the Court in the same manner and with like effect as from a decree upon the report of an auditor. The material facts so agreed upon were as follows:

Ellen Keene is now fifty-nine years of age, and a widow, having intermarried with S. B. W. Mitchell, December 10th, 1853, who has since died, and she has not had and can have no one to take under the contingent devise to her children. The testatrix died seized of certain real estate in Blair County not specifically devised under the will, which real estate Ellen K. Mitchell, the surviving executrix, sold, as trustee, under a decree of the Orphans' Court of Blair

County, upon a petition presented under the act of April 18th, 1853. The proceeds of this sale constituted the fund in court for distribution.

Henry Edgar Keene, a nephew of the testatrix, and brother of Ellen Keene Mitchell, died June 23d, 1875, never having had any child, and having, by will, devised his interest and estate in these lands to his wife in fee, who, May 25th, 1830, conveyed the same to John P. Brock, in fee.

Lenox R. Keene and James Bryden Keene, both nephews of the testatrix, and brothers of Ellen Keene Mitchell, died during the lifetime of the testatrix, and each left children surviving him and the testatrix.

It was agreed that Ellen K. Mitchell should receive one-fourth of the net proceeds of the sale in satisfaction of her interest, which was approved by the Court. It was contended by counsel for Brock, that the testatrix died intestate as to these lands, and that Henry E. Keene, as an heir, was entitled to his proportion, which, in that event, would have been a one-fourth interest, amounting to $5022.80. This was the only question to be determined, there being no dispute as to the rest of the distribution. The construction of this will had already been before the Supreme Court in the case of Keene's Appeal, 14 P. F. Smith, 268.

The Court below, DEAN, P. J., made a decree, May 18th, 1880, awarding the sum in dispute to the children and issue of Lenox R. Keene and James Bryden Keene, which award was assigned as error.

*R. C. McMurtrie* for the appellant.

If the residuary clause be not changed by its reference to the preceding clause, there is an intestacy. It gives a life-estate to Ellen Keene, with remainder to her issue. There are none, and none are possible. Then comes an authority to appoint among a class,—her brothers. These are all dead, and no appointment is possible. Do the words " subject to the same conditions as my legacy of thirty thousand dollars, specified in a former part of this instrument," mean limitations of the ulterior estate?

The heir is not to be disinherited without an express decree or necessary implication: 2 Jarman, 841; Bender *v.* Dietrick, 7 W. & S., 284; Hitchcock *v.* Hitchcock, 2 Casey, 393; Cowles *v.* Cowles, 3 P. F. Smith, 175; Rupp *v.* Eberle, 29 P. F. Smith, 141.

The conditions, whatever they are, are annexed to her estate, and not to the property limited to another. If it should be construed as incorporating words of limitation, there are two distinct and varying sentences defining the

persons to take after her estate ceases. There are words of condition in the preceding clause, so that there is a subject for the word " conditions " in the residuary clause to operate upon.

As to the argument that there is an implication of a devise to the children of the . brothers in the residuary clause, it has been a rule of conveyancing for eighty years, that where the evident intention is that the persons of a class should certainly take the property, but there is a power of selection out of the class given to some one, there is an implied duty to select: 2 Sugden on Powers, 165. This is called a trust : Brown v. Higgs, 8 Vesey, 570, 574. . But where there is a mere power to appoint, no implication arises of a gift to the objects of the power in case of a failure to appoint: Marlborough v. Godolphine, 2 Vesey, Sr., 61. This case is in the latter category.

*George L. Crawford* and *B. H. Brewster* for the appellees.

There is in the phrase in the residuary clause " to their children, lawful issue, absolutely," a direct, distinct, independent, absolute gift of the residue to Mrs. Mitchell's brothers' children, not claiming through her brothers or any selected brother. Her power to devise is contingent upon her dying unmarried. " If she dies unmarried " here means never having been married. In re Thistlethwayte Trust, 31 Eng. L. & Eq. Rep., 547; Norman's Trust, 17 Eng. L. & Eq. Rep., 127; Maugham v. Vincent, 9 L. J. Rep., N. S., Ch., 329; Hall v. Robertson, 21 Eng. L. & Eq., 504; Bell v. Phyn, 7 Ves., 458 ; Maberly v. Strode, 3 Vesey, 450; Shreiner's Appeal, 3 P. F. Smith, 106.

Having married the power is inoperative. There is a manifest intention on the face of the will to limit the interests of the decedent's niece and nephews to life estates, and pass her patrimony undestroyed by them to the next generation absolutely.

Every intendment is to be made against holding a person to die intestate who sits down to dispose of the residue of her property: Maberly v. Strode, *supra ;* Brown v. Higgs, 4 Vesey, 716 ; Baldwin v. Rawding, 2 B. & Ald., 441 ; Hall v. Dickinson, 1 Grant, 240 ; Stehman v. Stehman, 1 Watts, 466 ; Oxford's Estate, 2 W. N. C., 663.

Though the terms of the power applied to the following limitations to the children absolutely, the contingency is limited to the particular life interest: Horton v. Whitaker, 1 D. & E., 346 ; Napper v. Saunders, Hutt., 109 ; Bradford v. Foley, 1 Doug., 631; Jarman on Wills, *754, *831.

If the power is not a trust, and though there is no express

[Hershey *v.* Gohn.]

gift to the objects, a gift over to those objects, in default of appointment from inability or unwillingness of the donee of the power to exercise it, will be implied as against intestacy : Brown *v.* Higgs , *supra ;* in re Caplin's Will, 2 Dr. & Sm , 527 ; Brown *v.* Pocock, 6 Sim., 257 ; Salusbury *v.* Denton, 3 K. & J., 535 ; Jarman on Wills, *485, 551 ; Hawkins on Wills, *57 ; Sugden on Powers, 591 ; Adams on Equity, *30 ; Smith's Manual of Eq., 155 ; 2 Spence Eq., *81 ; Hill on Trustees, *69 ; Lewin on Trusts, 6th Ed., 684 ; Farwell on Powers, 377 ; Perry on Trusts, 248 *et seq. ;* Chance on Powers, 247 ; Wickersham *v.* Savage, 8 P. F. Smith, 365.

PER CURIAM : Keene's Appeal, 14 P. F. Smith, 268, giving construction to the same will, goes far towards ruling this case. The language of the will limiting the interest of Henry E. Keene to a life estate is sufficiently clear. The fund in contention is disposed of in the residuary clause. Henry's interest being thus restricted, he had none in the residuary estate to devise to his wife, and she none to assign to the appellant. No change of circumstances since the death of Sarah L. Keene has created an intestacy as to the fund in question so as to transmit the same to the appellant.

Decree affirmed, and appeal dismissed at the costs of the appellant.